DAVID S. McLANE (SBN 124952)
KAYE, McLANE, BEDNARSKI & LITT, LLP
234 East Colorado Boulevard, Suite 230
Pasadena, California  91101
Telephone:  (626) 844-7660
Facsimile:  (626) 844-7670
Email: dmclane@kmbllaw.com

Attorney for Plaintiff

ANDRÉ BIROTTE JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
RICHARD M. PARK (Cal. Bar No. 236173)
Assistant United States Attorney
     Room 7516, Federal Building
     300 North Los Angeles Street
     Los Angeles, California 90012
     Tel:  (213) 894-3275
     Fax:  (213) 894-7819
     Email:  Richard.park@usdoj.gov

Attorneys for the Defendants

NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHARLIE MABE, | Case No: CV 13-2097 CBM (RZx) |
| Plaintiff, | [PROPOSED] **PROTECTIVE ORDER** |
| v. | |
| T. PAGE, et al. | Hon. Ralph Zarefsky |
| Defendants. | United States Magistrate Judge |

Having reviewed the parties' Joint Stipulation for Protective Order, and good cause appearing thereof:

IT IS HEREBY ORDERED that the Bureau of Prisons is permitted to produce (1) Log Book for relevant time periods from MDC-LA 6S,

Special Housing Unit ("SHU"), 9S and 8 (SHU), (2) Specific Orders, Post Orders, and Post Order Review, (3) Daily Assignment/Duty Rosters, (4) Inmate Death Memorandum and evidence photographs, (5) T&As: Time and Attendance records for defendants Casten-Methu), Castillo, Nicolas-Arafiles, Pereira Littaua, and Sinavsky, (6) Religious Services Memo, (7) visitor logs and related documents, (8) phone logs and related documents, and (9) e-mail logs and related documents (collectively, "Protected Information").

The Protected Information documents may be redacted prior to disclosure to remove (1) the names of non-parties referred to therein, (2) personal data identifiers contained therein (if any) such as social security numbers, birth dates, FBI numbers, financial account numbers, and home addresses, and (3) financial data (if any) for non-parties.

The Protected Information shall be used by the parties, counsel, experts, consultants and witnesses only for the purpose of this litigation, and not for any other purpose whatsoever. The Protected Information, and/or contents thereof, shall be disclosed only to:

1. Counsel of record for the parties;

2. Plaintiff Charlie Mabe, who shall be permitted to review the Protected Information in the presence of counsel of record, provided that she shall not be given a copy thereof, shall agree to be bound by the terms of the Protective Order issued by the Court, and shall execute a confidentiality agreement in the form attached hereto as Exhibit A;

3. Expert consultants/witnesses, who are retained or consulted by the parties for the purposes of providing testimony

or performing other services relating to this action, provided that they shall agree to be bound by the terms of this Order and shall execute a confidentiality agreement in the form attached hereto as Exhibit A; or

    4. Non-expert witnesses to this action, but only to the extent that disclosure is necessary to question a witness or prepare a witness to be questioned by another party; provided that they shall agree to be bound by the terms of this Order and shall execute a confidentiality agreement in the form attached hereto as Exhibit A.  Said non-expert witnesses shall be permitted to review the Protected Information in the presence of counsel, but shall not be given a copy thereof to retain.

    All documents, pleadings, or transcripts of deposition testimony filed in this litigation, including any appeal, that contain, or disclose the contents of the Protected Information shall be submitted under seal pursuant to Local Rule 79-5 governing confidential court records.

    At the conclusion of this litigation, including any appeal taken therefrom, all originals or reproductions of the Protected Information shall be returned to counsel for defendants within 30 days of the termination of the action, including copies provided to expert consultants/witnesses.

    This shall not include documents (1) that have been filed with the Court or (2) that contain notations of counsel or experts/consultants, in which case they are to be destroyed by plaintiff's counsel within 30 days of the termination of the action.

    Upon completion of this action, including any appeal taken therefrom, plaintiff's counsel shall certify to this Court that

they have irretrievably destroyed all documents which are the subject of this Order. They shall further certify that they have destroyed all copies and/or duplicates, as defined by Rule 1001(4) of the Federal Rules of Evidence that they have made of such documents.

This Order is not intended to compromise the rights of any party to object to discovery pursuant to the Federal Rules of Civil Procedure or any other governing authority nor is it intended to alter any burden of proof regarding any assertion of privilege in this matter. This Order permits defendants to produce the Protected Information, but does not constitute an order requiring production.

Nothing in this Order shall prohibit a party from seeking further protection of the Protected Information by stipulation among the parties, approved by the Court, or by application to the Court directly.

Nothing in this Order constitutes a waiver of any party's right to seek a Court Order permitting the future use and/or production of unredacted copies of the Protected Information.

Nothing in this Order constitutes a waiver of BOP's right to use, disclose or disseminate the Protected Information in accordance with the provisions of the Privacy Act, any applicable statutory/regulatory provisions, or BOP policies.

Neither the United States Department of Justice, including the BOP and the United States Attorney's Office, nor any of its officers, agents employees, or attorneys, shall bear any responsibility or liability for any disclosure of any documents obtained by plaintiff pursuant to this Order, or of any information contained in such documents.

This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable or admissible and does not constitute any ruling on any potential objection. Other than explicitly set forth herein this Order does not apply to any information or documents subject to a claim of privilege or other basis of exclusion, and this Order shall not be precedent for adopting any procedure with respect to the disclosure of any such other information.

Notwithstanding the foregoing, this Order shall not govern materials submitted in connection with dispositive motions or at trial. If protection is desired in connection with those proceedings, then the parties must apply separately, at which time different standards of evaluation may govern. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). Any such application should be made to the judicial officer who will preside at those proceedings.

DATED: April 15___, 2014

　　　　　　　　　　　　　　　　　HON. RALPH ZAREFSKY
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

```
 1  DAVID S. McLANE (SBN 124952)
    KAYE, McLANE, BEDNARSKI & LITT, LLP
 2  234 East Colorado Boulevard, Suite 230
    Pasadena, California  91101
 3  Telephone:  (626) 844-7660
    Facsimile:  (626) 844-7670
 4  Email: dmclane@kmbllaw.com

 5  Attorney for Plaintiff

 6  ANDRÉ BIROTTE JR.
    United States Attorney
 7  LEON W. WEIDMAN
    Assistant United States Attorney
 8  Chief, Civil Division
    RICHARD M. PARK (Cal. Bar No. 236173)
 9  Assistant United States Attorney
         Room 7516, Federal Building
10       300 North Los Angeles Street
         Los Angeles, California 90012
11       Tel:  (213) 894-3275
         Fax:  (213) 894-7819
12       Email:  Richard.park@usdoj.gov

13  Attorneys for the Defendants
```

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MABE,<br><br>           Plaintiff,<br><br>           v.<br><br>T. PAGE, et al.<br><br>           Defendants. | Case No: CV 13-2097 CBM (RZx)<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

The undersigned, having read and fully understood the terms of the Protective Order entered by the Court in the above-captioned action, hereby agrees to be bound thereby. The undersigned agrees that the Protected Information as defined by

EXHIBIT A

```
 1  the Protective Order entered by the Court shall be used only for
 2  the purpose of this litigation, and not for any other purpose
 3  whatsoever. The undersigned agrees not to disseminate or disclose
 4  the Protected Information, or contents thereof. If an original or
 5  reproduction of any of the above documents has been provided to
 6  the undersigned pursuant to the Protective Order, they shall be
 7  returned by the undersigned within 10 days to counsel requesting
 8  the return of said documents or within 10 days of the conclusion
 9  of any work performed by the undersigned in this litigation.
10
11       DATED:
12                                        _____
13                                        Signature
14
15                                        _____
16                                        Printed Name
```

EXHIBIT A